67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Greg Anthony KINCAID, Defendant-Appellant.
 No. 94-30301.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 22, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Greg Anthony Kincaid appeals his jury conviction and 27-month sentence for two counts of interstate communication of threats to injure another person, in violation of 18 U.S.C. Sec. 875(c). Pursuant to Anders v. California, 386 U.S. 738 (1967), Kincaid's counsel filed a brief stating that he finds no meritorious issues for review, and a motion to withdraw as counsel of record. Kincaid filed a pro se brief claiming that the evidence was insufficient to convict him. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 Because Kincaid moved for a judgment of acquittal under Fed.R.Crim.P. 29(a) to Count One of the indictment, involving a September 1993 telephone call, we view the sufficiency of the evidence "in the light most favorable to the prosecution," asking whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); accord United States v. Rubio-Villareal, 967 F.2d 294, 296 (9th Cir.1992) (en banc). Kincaid failed to move for a judgment of acquittal Count Two of the indictment, involving an October 1993 telephone call, so we review the sufficiency of evidence of that conviction under the plain error standard, reversing only to prevent a miscarriage of justice. See United States v. Chu, 5 F.3d 1244, 1248 (9th Cir.1993), cert. denied, 114 S.Ct. 1549 (1994).
 
 
 4
 Kincaid contends, regarding Count One, that he did not actually threaten members of the Great Falls Police Department in his September 1993 telephone call to the Montana Department of Justice. Kincaid also challenges both his convictions by claiming that he did not make threats in either his September 1993 call or his October 1993 call. Instead, he claims he merely made "statements."
 
 
 5
 The elements of 18 U.S.C. Sec. 875(c) are: (1) an intentional interstate transmission of a communication, (2) threatening to injure a person, (3) with the specific intent to threaten. See 18 U.S.C. Sec. 875(c); United States v. Twine, 853 F.2d 676, 679-80 (9th Cir.1988). Intent is determined from all the facts and circumstances presented in the case. See Twine, 853 F.2d at 681.
 
 
 6
 The facts supporting Count One are the following: Kincaid explained to Michael Wellenstein of the Montana Department of Justice in September 1993 that he was proficient with a 7 mm rifle, that such a rifle could kill a deer quickly, and that he was going to go up to Great Falls "and shoot the son-of-a-bitches." Wellenstein testified that Kincaid had earlier "referred to the Great Falls police as sons-of-bitches." Wellenstein told Kincaid that shooting someone would not solve his problems, and Kincaid replied that "it will at least get me some retribution."
 
 
 7
 The facts of Count Two are as follows: Kincaid told Linda Paulsen of the Montana Department of Justice in October 1993 that he was going to get his rifle and go shoot the Great Falls Police officers. Paulsen told him it would not help him or solve his problems to do this, and Kincaid responded, "I'm going to get my rifle and come up and shoot all of you up there and then go shoot the Great Falls police officers." Kincaid later admitted to FBI agents that he told Paulsen that he was going to shoot any police in sight in the Great Falls Police Department.
 
 
 8
 First, a reasonable juror could find that Kincaid threatened to shoot members of the Great Falls Police Department in his conversation with Wellenstein. See Jackson, 443 U.S. at 319; Rubio-Villareal, 967 F.2d at 296. Second, despite Kincaid's contention that the threats were "broad" and thoughtless, or the product of alcohol consumption, the facts and circumstances surrounding the threats show Kincaid's subjective intent to threaten. See Twine, 853 F.2d at 681. Thus, sufficient evidence supports Count One because a reasonable jury could find that Kincaid had a subjective, specific intent to threaten members of the Great Falls Police Department with injury in September 1993, see Jackson, 443 U.S. at 319; Rubio-Villareal, 967 F.2d at 296; and no miscarriage of justice resulted in his conviction for Count Two for threatening to injure persons of the Great Falls Police Department and the Montana Department of Justice in October 1993, see Chu, 5 F.3d 1244, 1248.
 
 
 9
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review. Accordingly, the motion of counsel to withdraw is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3